FILED
MAR - 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANDY THAYER, )
)
Plaintiff, )  07CV1290
) JUDGE DARRAH
v. ) MAG. JUDGE ASHMAN
)
COMMANDER RALPH CHICZEWSKI, UNKNOWN )
POLICE OFFICERS and EMPLOYEES of the )
CITY OF CHICAGO, and the )
the CITY OF CHICAGO, )
)
Defendants. )  JURY TRIAL DEMANDED

### COMPLAINT

NOW COMES Plaintiff, ANDY THAYER, by his attorneys, LOEVY & LOEVY, CHARLES NISSIM-SABAT and JEFFREY FRANK, and complaining of Defendants, COMMANDER RALPH CHICZEWSKI, UNKNOWN POLICE OFFICERS and EMPLOYEES of the CITY OF CHICAGO, and the CITY OF CHICAGO, states as follows:

#### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the First, Fourth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction under 28 U.S.C. Section 1331 and 1367.

**Venue**

2.      This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1391(b), as the events giving rise to Plaintiff's claims occurred in the City of Chicago in this judicial district.

**Factual Allegations**

3.      Plaintiff Andy Thayer ("Thayer") is a 46 year-old resident of Chicago, Illinois.  For many years Thayer has been involved in numerous public rallies, marches, and press conferences concerning various civil rights and political issues.  For the last four years he has engaged in such actions to protest the United States government's war in Iraq.

4.      As a result of his political activities, Thayer is well known to members of the Chicago Police Department, including Defendant Commander Ralph Chiczewski.

5.      On March 20, 2003, the night after the United States' invasion of Iraq, Plaintiff was part of an anti-war demonstration in Chicago that led to the indiscriminate mass detention of some 800 citizens and the arrest of more than 500 of those citizens, protesters and non-protesters alike, by the Chicago Police Department.  Not a single person was convicted after a contested trial.  A handful accepted supervision rather than fight the charges (supervision is not a conviction under Illinois law).  The charges in all of the other cases were

dropped in a manner indicative of the innocence of those charged of any criminal conduct. Those mass arrests are currently the subject of a class action lawsuit against the City of Chicago now pending in the Northern District of Illinois.

6. Prior to the second anniversary of the United States' invasion of Iraq, Thayer applied for a permit to conduct a march down Michigan Avenue in the City of Chicago on behalf of a large anti-war coalition to protest the war in Iraq and the erosion of civil liberties in the United States. That permit application was cursorily rejected by the City of Chicago.

7. Believing that the City of Chicago simply wanted to prevent any peaceful assembly to protest the Iraq war, and without justification deny Thayer and other protesters their First Amendment rights based on the content of their speech, Thayer and other activists organized a press conference to take place at Noon on March 19, 2005 on the sidewalk at the southwest corner of Oak Street and Michigan Avenue, the point where the march would have started if allowed.

8. Press conferences are commonly held on sidewalks and in other public places in the City of Chicago, including by the Mayor of the City of Chicago, and a permit is not required to hold such press conferences.

9. Two days before the press conference, however, one of the scheduled speakers, Alderman Joe Moore, was informed by a

3

Chicago police officer assigned to the City Hall Task Force that he and others would be arrested if they attempted to hold the press conference. Alderman Moore therefore decided not to speak at the press conference.

10. On the day of the press conference, Thayer attended a separate protest sponsored by the Gay Liberation Network. Thayer encountered Commander Chiczewski at that rally, and Chiczewski threatened Thayer with arrest if Thayer so much as showed up on Michigan Avenue later that day.

11. Approximately 200 uniformed officers and glowering riot gear clad officers with lengthy batons were present at the site of the press conference, outnumbering those attending. Other gatherings to protest the war have been met with a similar police presence, both before and after the subject press conference, with the intent to intimidate those gathered and passersby and to have a chilling effect on anyone who sees this menacing display but is otherwise inclined to participate in legal, protected activity. Despite the foregoing threat of arrest for merely peacefully exercising their First Amendment rights of speech and assembly, and despite the massive police presence at the site of the press conference, several speakers nonetheless attended and spoke at the press conference beginning around Noon.

12. Those who addressed the crowd, which included media representatives, were Chris Geovanis, a member of the media and an anti-war activist, the Rev. Paul Jakes, a civil rights and police accountability activist, and Bill Massey, a Korean War veteran and member of the ANSWER Coalition who had marched with the Rev. Martin Luther King. In his address, Mr. Massey told the media and the crowd, "We have been threatened with arrest for holding this press conference. We are holding this press conference."

13. Patricia Vogel and the Rev. Dan Dale heard a Town Hall District officer, Nenad Markovich, say that the police were targeting Thayer for arrest that day, and that the police would "wade into the crowd" to arrest Thayer if necessary.

14. After the above-named individuals spoke, Thayer began to address the crowd. Thayer uttered no more than two sentences before he was physically grabbed by Commander Chiczewski, placed under arrest, and taken into custody.

15. At the time of his arrest, Thayer was not given any order to disperse by Commander Chiczewski or any other police officer and the police had no basis to arrest Thayer.

16. As Thayer was being arrested, he put up no resistance but began to go limp until Commander Chiczewski told him he would be charged with resisting arrest if he did so. Thayer immediately ceased going limp and was taken away on his feet.

17. Thayer was nonetheless charged with resisting arrest. Thayer was also charged with disorderly conduct.

18. Thayer was ultimately convicted of disorderly conduct in the Circuit Court of Cook County, Illinois. He is appealing his conviction as of the filing of this Complaint.

19. The disorderly conduct charge for which Thayer was arrested and convicted, Chicago Municipal Code, MCC8-4-010 (the "Ordinance" - Exhibit 1) which, in MCC8-4-010(d) ("Subsection (d)"), states:

> "A person commits disorderly conduct when he knowingly: (d) Fails to obey a lawful order of dispersal by a person known by him to be a peace officer under circumstances where three or more persons are committing acts of disorderly conduct in the immediate vicinity, which acts are likely to cause <u>substantial harm or serious</u> inconvenience, annoyance, or alarm; ….." (emphasis supplied).

**Count I**
**First and Fourteenth Amendments, United States Constitution**
**Sections 2, 4 and 5, Illinois Constitution**
**Unconstitutionality of Disorderly Conduct Ordinance**

20. Plaintiff incorporates paragraphs 1 through 19 above as his allegations herein.

21. The City of Chicago's (the City) disorderly conduct ordinance is unconstitutional, and Thayer's arrest under that ordinance violated his civil rights under color of state law for the following reasons:

A. Subsection (d) impermissibly infringes on the First Amendment's protection of the rights of speech and assembly without serving any compelling state interests;

B. Subsection (d) is impermissibly vague as to what conduct it forbids so that persons of common intelligence must necessarily guess at its meaning and differ as to its application and fails to give persons fair warning as to what conduct is forbidden;

C. Subsection (d) confers upon third parties a "hecklers' veto" on protected First Amendment activity, meaning that the authorities can effectively criminalize otherwise legal, protected conduct merely because of the misconduct of third parties, who may intend to cause the police to disrupt the protected conduct and arrest those who lawfully exercise their constitutional rights;

D. Subsection (d) is overbroad in that it is not narrowly confined to allowable areas of control of citizen's conduct, but sweeps within its ambit activity protected by the First Amendment and criminalizes a refusal to disperse by participants engaged in lawful speech and assembly and who have not broken the law in any way;

E. Subsection (d) fails to provide adequate safeguards to ensure that the authorities do not abuse their discretion in issuing the order to disperse.

F. Subsection (d) fails to require that the authorities issuing the order to disperse provide those affected a reasonable opportunity to comply, inform them of how much time they have to comply, and inform them how far they must disperse to comply; and

G. Subsection (d) fails to specify what acts of disorderly conduct must be committed by three or more persons in order to justify an order to disperse.

22. More specifically, Subsection (d)'s prohibition of "serious inconvenience, annoyance, or alarm" does not promote a compelling state interest, and Chicago has been on notice of that fact going as far back as the United States Supreme Court's decision in *Terminiello v. Chicago*, 337 U.S. 1 (1949).

23. In addition, Subsection (d) is analogous to the Chicago gang-loitering ordinance that was declared unconstitutional by the United States Supreme Court, which held that the ordinance was impermissibly vague because it failed to establish minimal guidelines for law enforcement. *Chicago v. Morales*, 177 Ill.2d 440, 687 N.E.2d 53 (1997), *aff'd*, 527 U.S. 41 (1999).

24. As a criminal statute, the subject ordinance has a chilling and a deterrent effect which poses a greater threat to the freedom of speech and assembly protected by the First Amendment greatly outweighing any benefit to a legitimate state interest in regulating citizen's conduct, authorizes and encourages arbitrary and discriminatory enforcement by its failure to adequately define a criminal offense, criminalizes a substantial amount of protected First Amendment activity, and operates as an unconstitutional form of censorship and prior restraint on the freedoms provided by the First Amendment and a deprivation of Due Process under the Fourteenth Amendment.

WHEREFORE, Plaintiff ANDY THAYER respectfully requests this Court to declare that the subject ordinance is facially unconstitutional, to enter preliminary and permanent injunctions prohibiting its enforcement, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT II -- 42 U.S.C. § 1983
### First Amendment Retaliation

25. Plaintiff realleges by this reference all of the foregoing paragraphs of this Complaint as if restated fully herein.

26. The First Amendment to the United States

Constitution guarantees Plaintiff's rights to publicly assemble for political purposes and to speak out on matters of public concern without fear of unjust retaliation.

27. As described more fully in the preceding paragraphs, Plaintiff engaged in protected assembly and speech on matters of public concern.

28. In direct retaliation for Plaintiff's exercise of these protected rights, Defendant Commander Ralph Chiczewski and other as yet unknown high-ranking police department and City of Chicago officials, all of whom either had final policymaking authority or had been delegated with the same, retaliated against Plaintiff by arresting him with no probable cause to do so, but solely because Plaintiff had the temerity to engage in First Amendment activity, as described in the preceding paragraphs.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30. As a result of aforesaid unconstitutional conduct, Plaintiff has suffered monetary damages and mental anguish, including emotional distress.

WHEREFORE Plaintiff ANDY THAYER respectfully requests this Court to enter judgment for monetary damages against Defendants Commander RALPH CHICZEWSKI, the as yet UNKNOWN CHICAGO POLICE

OFFICERS and CITY OF CHICAGO EMPLOYEES, and the CITY OF CHICAGO, to enter a judgment for punitive damages against Defendant Commander RALPH CHICZEWSKI and the as yet UNKNOWN CHICAGO POLICE OFFICERS and CITY OF CHICAGO EMPLOYEES, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT III -- 42 U.S.C. 1983
## Conspiracy

31. Plaintiff realleges by this reference all of the foregoing paragraphs of this Complaint as if restated fully herein.

32. As described more fully in the preceding paragraphs, the Defendant Commander Chiczewski and the as yet unknown police department and City of Chicago officials, all of whom either had, or had been delegated, final policymaking authority, acting in concert with other known and unknown co-conspirators, reached an understanding to deprive Plaintiff of his constitutional rights.

33. Plaintiff was deprived of his Constitutional rights in the manner described in the preceding paragraphs.

34. In furtherance of the conspiracy, Defendant Commander Chiczewski and the as yet unknown police department and City of Chicago officials committed overt acts and were otherwise

willful participants in joint activity with state actors acting under color of law.

35. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

36. As a proximate result of this conspiracy, Plaintiff has suffered monetary damages and mental anguish, including emotional distress.

WHEREFORE Plaintiff ANDY THAYER respectfully requests this Court to enter judgment for monetary damages against Defendants Commander RALPH CHICZEWSKI, the as yet UNKNOWN CHICAGO POLICE OFFICERS and CITY OF CHICAGO EMPLOYEES, and the CITY OF CHICAGO, to enter a judgment for punitive damages against Defendant Commander RALPH CHICZEWSKI and the as yet UNKNOWN CHICAGO POLICE OFFICERS and CITY OF CHICAGO EMPLOYEES, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count IV -- 42 U.S.C. 1983
### Equal Protection and Due Process

37. Plaintiff realleges by this reference all of the foregoing paragraphs of this Complaint as if restated fully herein.

38. As more fully set forth in the preceding paragraphs, Thayer was the only one of the four speakers who were arrested at the scene of the press conference on March 19, 2005.

39. Commander Chiczewski, the as yet unknown police department and City of Chicago officials, and the City of Chicago selectively enforced the disorderly conduct ordinance against Thayer while failing to enforce the ordinance against the other, similarly situated speakers.

40. Commander Chiczewski, the as yet unknown police department and City of Chicago officials, and the City of Chicago targeted Thayer for arrest prior to him even speaking based on an intent to inhibit Thayer's exercize of his constitutional rights and out of malice intended to punish Thayer, who was well known to police due to his long-standing and persistent political activism, which has earned him the enmity of the Chicago Police Department and the City of Chicago.

41. Moreover, Subsection (d) of the disorderly conduct ordinance, even if it had been enforced even-handedly in the subject circumstances, is impermissibly vague as to what conduct it forbids so that persons of common intelligence must necessarily guess at its meaning and differ as to its application and fails to give persons fair warning as to what conduct is forbidden.

42. Based on the foregoing, Plaintiff was denied his right to equal protection and due process under the law grounded on the Fourteenth Amendment of the United States Constitution.

WHEREFORE Plaintiff ANDY THAYER respectfully requests this Court to enter judgment for monetary damages against Defendants Commander RALPH CHICZEWSKI, the as yet UNKNOWN CHICAGO POLICE OFFICERS and CITY OF CHICAGO EMPLOYEES, and the CITY OF CHICAGO, to enter a judgment for punitive damages against Defendant Commander RALPH CHICZEWSKI and the as yet UNKNOWN CHICAGO POLICE OFFICERS and CITY OF CHICAGO EMPLOYEES, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## Count V -- 42 U.S.C. 1983
## Monell Claim

43. Plaintiff realleges by this reference all of the foregoing paragraphs of this Complaint as if restated fully herein.

44. The misconduct described above was undertaken pursuant to the policy and practice of the City of Chicago and the Chicago Police Department in that:

   a. as a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by directly ordering, supervising and condoning the suppression of First

Amendment activity within the City of Chicago when that activity concerns gathering in public to protest the war in Iraq and speaking out against the war in Iraq; and

b. as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff, and have done so since the mass arrest of 800 plus citizens at the very first protest against the Iraq war in Chicago.

45. As a result of the above-described wrongful conduct, as well as the City of Chicago's policy and practice, Plaintiff has suffered damages, including monetary damages and mental anguish.

WHEREFORE Plaintiff ANDY THAYER respectfully requests this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT VI -- State Law Claim
### Respondeat Superior

46. Plaintiff realleges by this reference all of the foregoing paragraphs of this Complaint as if restated fully herein.

47. In committing the acts alleged in the preceding

paragraphs, Defendant Commander Chiczewski and the as yet unknown police department and City of Chicago officials were agents of the City of Chicago, and were acting at all relevant times within the scope of their employment.

48. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiff ANDY THAYER respectfully requests this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT VII -- State Law Claim
### Indemnification

49. Plaintiff realleges by this reference all of the foregoing paragraphs of this Complaint as if restated fully herein.

50. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

51. Defendant Commander Chiczewski and the as yet unknown police department and City of Chicago officials, who all are or were employees of the City of Chicago, acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff ANDY THAYER respectfully requests this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, ANDY THAYER, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Kurt Feuer
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900

Charles Nissim-Sabat
4747 S. Dorchester Avenue
Chicago, IL 60615
(773) 373-2660


Jeffrey H. Frank
637 S. Dearborn Street, 3rd Floor
Chicago, IL 60605
(312) 913-0039